**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**EDWARD R. PURSER,**

      **Plaintiff,**

v.             5:10-CV-890(NAM/ATB)

**PANAMA STAR GROUP OF AMERICA, INC.
and MIRABELLA FOUNDATION,
A PANAMA FOUNDATION,**

      **Defendants.**
_____

| | |
|---|---|
| **APPEARANCES:** | **OF COUNSEL:** |
| Office of Edward R. Purser<br>P.O. Box 425<br>4 Lincoln Avenue<br>Suite 202<br>Cortland, NY 13045<br>For Plaintiff | Edward R. Purser, Esq. |

**Hon. Norman A. Mordue, U.S. District Judge:**

## MEMORANDUM DECISION AND ORDER

  According to the complaint, plaintiff Edward R. Purser, Esq., brings this action against his former clients, Panama Star Group of America, Inc., and Mirabella Foundation, a Panama Foundation, defendants, seeking to recover $100,000 in legal fees. Dkt. No. 1. The complaint alleges that Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because plaintiff is a resident of New York and defendant Panama Star is incorporated under the laws of Florida and defendant Mirabella is incorporated under the laws of the Republic of Panama. Dkt. No. 1.

  Plaintiff filed the complaint on July 20, 2010. Dkt. No. 1. On December 1, 2010, Juan F. Agurto Medina, Esq., filed a "motion to quash service of process and to dismiss" on defendants' behalf. Dkt. No. 5. In a Memorandum-Decision and Order entered on July 7, 2011, Senior

District Court Judge Neal P. McCurn denied defendants' motion. Dkt. No. 8.

In a letter to Agurto Medina dated July 15, 2011, the Clerk of the Court advised Agurto Medina that he was "not admitted to this District" and if he intended to remain counsel of record, his formal admission would be required. Dkt. No. 9. The Clerk enclosed the necessary attorney admission forms and a copy of Judge McCurn's July 7, 2011 Memorandum-Decision and Order. Dkt. No. 9. The Clerk directed Agurto Medina to advise the Court in writing by July 25, 2011, whether he intended to remain counsel of record. Dkt. No. 9.

The July 15, 2011 letter was mailed to Agurto Medina but returned on August 1, 2011 marked "RTS". Dkt. No. 11.

On August 11, 2011, United States Magistrate Judge Andrew T. Baxter entered an Order noting that although Agurto Medina had filed an answer on defendants' behalf, he had not: moved for admission to practice law in the Northern District of New York; entered a notice of appearance for defendants; or provided reliable contact information. Dkt. No. 12. As such, Magistrate Judge Baxter advised Argurto Medina that the Court would strike the answer from the docket and entertain a motion for default judgment from plaintiff unless he, or another attorney, applied for admission to this District, entered a formal appearance, and provided reliable contact information on or before September 9, 2011. Dkt. No. 12. The Clerk's Office mailed and emailed this Order to Agurto Medina at the addresses he previously provided. Dkt. No. 12. On August 24, 2011, the Order was returned marked "Return to Sender" "No Such Number". Dkt. No. 13.

On October 30, 2011, plaintiff filed a request for a Clerk's Entry of Default. Dkt. No. 15. On November 2, 2011, Judge McCurn entered a Text Order striking the answer from the record.

2

The same day, the Clerk of the Court noted and entered defendants' default. Dkt. No. 16.

On April 12, 2012, plaintiff filed a motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Dkt. No. 17. Plaintiff supplemented the motion on June 18, 2012. Dkt. No. 19. On February 7, 2013, plaintiff served the motion papers on defendants. Dkt. No. 22. Defendants have not responded to the motion.

According to the complaint, on or about December 15, 2009, defendants retained plaintiff to litigate a dispute they had with Hope Lake Investors, LLC, regarding a number of condominiums in Cortland, New York. Compl. ¶ 5. Plaintiff and defendants signed a retention agreement which stated that in exchange for plaintiff's representation defendants would pay a flat fee in the amount of $2,500 and, in the event of a recovery, a sum equal to twenty percent of the amount plaintiffs received. Compl. ¶ 6.

Plaintiff commenced a legal action on plaintiff's behalf against Hope Lake Investors, *see Mirabella Foundation v. Hope Lake Investors*, LLC, 5:10-CV-147 (NPM/ATB). Compl. ¶ 7. On April 14, 2010, the parties filed a stipulation of discontinuance. *See Mirabella Foundation v. Hope Lake Investors*, *LLC*, 5:10-CV-147, Dkt. No. 13. Mirabella recovered $600,000 as part of the settlement. Compl. ¶ 8.

According to plaintiff, on March 24, 2010, just prior to settlement, he agreed to accept a fee of $100,000 for his legal services. Compl. ¶ 9. This amount is less than the twenty percent specified in the retention agreement. To date, "[n]o part of said $100,000 has been paid". Compl. ¶ 11.

It is well established that, "a party's default is deemed to constitute a concession of all well pleaded allegations of liability". *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*,

973 F.2d 155, 158 (2d Cir. 1992). To state a claim for breach of contract, the complaint must "allege (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 2004). Based on his well-pleaded complaint, plaintiff has established that: (1) the retention agreement, including plaintiff's subsequent concession to accept $100,000 in legal fees, constitute an agreement; (2) that plaintiff satisfied his contractual obligations to represent defendants; (3) that defendant's failure to pay $100,000 breached the retention agreement; and (4) that plaintiff was damaged as a result of defendants' failure to pay the $100,000 owed pursuant to the agreement. Thus, the complaint adequately alleges defendants' liability for breach of contract. Accordingly, plaintiff is entitled to entry of default judgment.

Plaintiff has submitted an affirmation in which he states that he is entitled to $100,000 in damages based on defendants' breach of contract, and $240 in costs. Thus, a hearing is unnecessary. *See Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment.").

It is therefore,

**ORDERED** that plaintiff's motion for default judgment (Dkt. No. 17) is granted; and it is further

**ORDERED** that plaintiff is awarded default judgment against defendants in the sum of $100,240 in damages; and it is further

**ORDERED** that the Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** March 4, 2013
Syracuse, New York

_____
Honorable Norman A. Mordue
U.S. District Judge